FILED
2009 Jul-20 PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

| | |
|---|---|
| SEKENYA S. HILL, as Administratrix of the Estate of KEVIN HILL, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH ERNEST WILSON, et al.,<br><br>    Defendants. | }<br>}<br>}<br>}    CIVIL ACTION NO.<br>}    09-AR-1314-S<br>}<br>}<br>}<br>}<br>}<br>}<br>} |

## **MEMORANDUM OPINION**

This is the second removal of the above-entitled case from state court to this court. The first removal was improvident because the claim as against defendant, R.E. Barnett & Sons Trucking Co., Inc., ("Barnett") had been stayed by its bankruptcy. After the remand, the automatic stay was lifted by the bankruptcy court, and on May 8, 2009, "Barnett received notice of lifting the automatic stay, and this action thus became removable on that date" (**quoting motion to remand**). The second removal occurred on June 30, 2009, more than thirty (30) days after May 8 , 2009. The removing defendants were Barnett and Kenneth Ernest Wilson ("Wilson"), diverse defendants who alleged that non-diverse defendant, Harmon Edson, Jr. ("Edson"), was fraudulently joined, and that defendant, GEICO General Insurance Company ("GEICO"), "has consented to the removal of this lawsuit" (**quoting notice of removal**).

Plaintiff has waived the 30-day time limitation in 28 U.S.C. § 1446(b), insisting during oral argument that the removal was timely because the triggering event was not, as plaintiff expressly averred in her motion, the receipt by Barnett of a notice of the lifting of the stay, but the receipt of the notice by GEICO, the last defendant to receive the notice.  If Barnett had not removed and if GEICO had still not received notice, the case, according to plaintiff, apparently would still be removable.  Plaintiff has waived what this court believes to have been an obvious and insurmountable procedural defect.

Despite having given up a valid objection to removal, plaintiff raises two other issues, both of which require remand. First, although GEICO is not named in the complaint as a tortfeasor, it is a perfectly proper party defendant, and its timely written consent to the removal was necessary.  Second, although defendant Edson's motion to dismiss is a redundancy, diversity jurisdiction does not exist if a viable claim has been stated against Edson.  After studying the complaint and the motion to remand, the court cannot conclude that there is no glimmer of hope in plaintiff's claim against Edson as stated in the complaint. This court is not prepared to substitute its judgment for that of the state court on a legitimately arguable matter of state tort law.

For these reasons, a separate order of remand will be entered.

DONE this 20th day of July, 2009.

                                        _____
                                        WILLIAM M. ACKER, JR.
                                        UNITED STATES DISTRICT JUDGE